IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NEY LEASING CORPORATION, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>CARGILL MEAT LOGISTICS SOLUTIONS, INC., f/k/a WISPAK TRANSPORT, INC.,<br><br>    Defendant. | No. C08-1041<br><br>ORDER DENYING MOTION TO ASSERT ADDITIONAL COUNTERCLAIM |

This matter comes before the Court on the Motion to Amend Its Answer, Affirmative Defense, and Counterclaim to Assert an Additional Counterclaim for Declaratory Judgment (docket number 24) filed by the Defendant on August 3, 2009, the Resistance (docket number 26) filed by the Plaintiff on August 18, 2009, and the Reply (docket number 29) filed by the Defendant on August 24, 2009. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

## I. RELEVANT FACTS

On November 5, 2008, Plaintiff Ney Leasing Corporation, Inc. ("Ney") filed a Petition in the Iowa District Court for Dubuque County, seeking damages against Defendant Cargill Meat Logistics Solutions, Inc., f/k/a Wispak Transport, Inc.("Cargill") for breach of contract. It is alleged that Cargill breached in several respects a truck lease executed between Ney and Cargill's predecessor-in-interest.[1] The action was removed to the United States Court for the Northern District of Iowa. On December 8, 2008, Cargill

---

[1] A copy of the lease was attached to the Petition as Exhibit A. *See* docket number 4-2.

1

filed its answer, generally denying the material allegations contained in the petition, and asserting certain affirmative defenses.

On January 28, 2009, the Court adopted a proposed scheduling order and discovery plan submitted by the parties. Among other things, the parties agreed to a June 1, 2009 deadline for motions to amend pleadings. The scheduling order also established a September 1, 2009 discovery deadline and a dispositive motions deadline of October 1, 2009. In reliance on the deadlines, and after receiving input from counsel, the Court scheduled a bench trial on February 8, 2010.[2]

On May 19, 2009, Cargill filed a timely motion to amend its answer and assert a counterclaim. Cargill asserts that the truck lease was amended on September 17, 2002 to include a "take-back" agreement.[3] Cargill claims that Ney breached the amended agreement by procuring "different tractors," instead of taking back the tractors that had been leased to Cargill. The proposed counterclaim sought damages for Ney's breach of the take-back amendment. Ney did not object to Cargill's request for leave to amend, and the amended answer, including the counterclaim, was filed on May 20, 2009.

During subsequent settlement discussions, a trailer lease between the parties was also discussed.[4] According to its instant motion to amend, it is Cargill's understanding

---

[2] With the consent of the parties, the case was referred to the undersigned Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c).

[3] Attached to Cargill's earlier motion to amend was a "Memo of Understanding," dated September 17, 2002, which allegedly includes an agreement that Ney would "[t]ake back tractors on lease on an 'as needed' basis to ramp up Ney Trucking as soon as possible." *See* docket number 15-2. According to its instant motion to amend, Cargill recently discovered a "Separation Agreement and General Release," dated September 23, 2002, which "formalized the terms" contained in the September 17, 2002 memo. *See* docket number 24-2.

[4] In its earlier motion to assert a counterclaim, Cargill noted that in addition to the truck lease, there were other agreements between Ney and Cargill, including a trailer lease agreement, a building lease agreement, and an employment agreement. *See* Cargill's Motion to Amend Its Answer to Assert a Counterclaim, ¶ 4 at 1 (docket number 15 at 1).

2

"that Ney may amend its pleading to include its claims under the Trailer Lease."[5] Cargill seeks to amend its counterclaim to include a count relating to the trailer lease. Specifically, Cargill asks to add a second count to its counterclaim, seeking a declaratory judgment that Ney's claims under the trailer lease are "substantively meritless" and "time-barred."

## II. DISCUSSION

Except when amending its pleadings "as a matter of course," as defined in FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1), a party may amend its pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Cargill is not entitled to amend its counterclaim "as a matter of course" and Ney does not consent to Cargill's proposed amendment. Accordingly, Cargill seeks leave of the Court to amend its counterclaim and add an additional count.

Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *United States v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). Balanced against the liberal amendment policy of Rule 15(a) is the Court's interest in enforcing its scheduling orders. Here, the Court established a June 1, 2009 deadline for motions to amend pleadings. Scheduling orders may be modified only for "good cause." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16.f ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, notwithstanding the liberal amendment provisions found in the FEDERAL RULES OF CIVIL PROCEDURE, "[i]f a party files for leave to amend outside of the court's scheduling order,

---

[5] *See* Cargill's Motion to Amend, ¶ 21 at 3 (docket number 24 at 3).

the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

> Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).

*Sherman*, 532 F.3d at 716 (citing *Popoalii*). *See also In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

In this case, Cargill's motion to amend its counterclaim comes two months after the deadline established for motions to amend pleadings. Accordingly, the Court must determine whether Cargill has established "good cause" for the delay. Cargill argues that it first learned at a status conference on June 17, 2009 -- after the deadline for amending the pleadings -- that Ney intended to bring a claim on the trailer lease. Cargill apparently delayed filing the instant motion, believing that Ney would amend its petition. In its resistance to the instant motion, Ney admits that it intends to bring a "separate suit against Cargill for damages for multiple causes of action based upon not only the semi trailer rental contract, but also other theories of liability including *quantum merit* [*sic*], unjust enrichment, and fraud."[6] Ney intends to pursue its claims in a separate action, however, apparently because attorney Jeffrey L. Walters, who represents Ney in the instant action, will be a witness in any action pertaining to the trailer lease.

Ney argues that the trailer lease is a "wholly separate contract" from the truck lease and that joinder of the claims is neither preferable nor required. Cargill argues, on the other hand, that "each document forms a part of the entire relationship between the parties,

---

[6] *See* Ney's Brief in Support of Resistance at 3 (docket number 26-2 at 3).

4

and any claims related to these various agreements are best decided as part of one lawsuit instead of separate cases dealing with the same parties, the same various agreements and the same underlying facts."[7] Both parties agree that if Cargill is permitted to add a count relating to the trailer lease, then additional discovery would be required. Ney believes that this would necessitate a continuance of the February 8, 2010 trial. Cargill asserts that there is "sufficient time" to conduct additional discovery and preserve the scheduled trial date.

If Cargill is permitted to amend its answer and add a counterclaim on the trailer lease at this late stage of the case, the Court believes that it would inevitably delay the trial. Both parties agree that additional discovery would be required. The discovery deadline and dispositive motions deadline would necessarily be extended. It is likely this would also necessitate a continuance of the trial.[8]

It appears to the Court that the issues raised by the trailer lease are distinct from those raised by the truck lease. That is, the issue of whether either party is entitled to recover from the other for an alleged breach of their agreement regarding the trucks, may be resolved independently of any dispute between the parties regarding the trailers. Accordingly, the Court concludes that resolution of the dispute regarding the truck lease need not be delayed to allow a simultaneous resolution of the trailer lease. *Popoalii*, 512

---

[7] *See* Cargill's Reply Brief at 2 (docket number 29 at 2).

[8] In a separate motion to extend deadlines (docket number 28) filed by Cargill on August 24, 2009, Cargill requests that the Court "extend the discovery deadline until 45 days after motion [to amend] is granted, and extend the deadline for dispositive motions until 30 days after the close of discovery." *See* Cargill's Motion to Extend Deadlines at 3 (docket number 28 at 3). If the Court adopted Cargill's request, the deadline for filing dispositive motions would be November 16, 2009. The deadline for resisting any dispositive motion would be December 10, and the deadline for filing a reply would be December 21. That schedule would not allow the Court sufficient time to properly consider any dispositive motions prior to the final pretrial conference on January 15, 2010, and the February 8, 2010 trial. *See also* Local Rule 16.h ("The deadline in the proposed scheduling order and discovery plan for filing dispositive motions must be at least 120 days before the proposed ready-for-trial date.").

F.3d at 497. (The appellate courts are less likely to hold a district court abused its discretion in denying a motion for leave to amend "[w]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements.")

While the "Separation Agreement and General Release" was only recently "brought to Cargill's attention," it does not impact any dispute regarding the trailer lease. According to Cargill, the Agreement and Release dated September 23, 2002, merely "formalized the terms agreed upon and evidenced" in the memo of understanding dated September 17, 2002.[9] Nothing about the recent discovery of the September 23 document justifies a late amendment to add a counterclaim regarding the trailer lease.

The Court concludes that Cargill has failed to show good cause why it should be permitted to amend its counterclaim to include a claim regarding the trailer lease. Any dispute regarding the trailer lease may be pursued by either party in a separate action.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Amend (docket number 24) filed by Cargill on August 3, 2009 is hereby **DENIED**.

DATED this 1st day of September, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[9] *See* Cargill's Motion to Amend, ¶ 7 at 2 (docket number 24 at 2). "The meaning of the Take-Back Amendment is substantially similar to the Separation Agreement and the requested change will merely clarify the agreement of the parties." Cargill's Brief in Support of its Motion to Amend at 3 (docket number 24-4 at 3).